### 6125.   ALLEN *v.* ALLEN *et al.*

Where, under an agreement between an administratrix and the sureties on her bond, a particular fund was held intact by one of the sureties until the sureties were relieved, and the fund was not paid over to the administratrix until a new bond with different sureties had been given, and accepted by the ordinary, in a different county, in compliance with the provisions of section 4096 of the Civil Code, the first sureties were released from the obligation of their bond, and were not liable for a subsequent conversion of the fund by the administratrix.

DECIDED SEPTEMBER 2, 1915.

Action on administrator's bond; from Wilcox superior court—Judge George. October 20, 1914.

A. W. Allen sued Mary P. Allen, Pitts Banking Company, and L. O. Benton, on a bond given by Mary P. Allen, with the other defendants as sureties, for the faithful discharge of her duties as administratrix of the estate of W. G. Allen. The petition alleged, in brief, that the plaintiff had obtained a judgment against Mary P. Allen, as administratrix of the estate of W. G. Allen, for $1,073.66 and interest, as to which there was a return of nulla bona; that she negligently failed to collect as administratrix a valid claim against the Southern Life Insurance Company for $5,000 on a policy of insurance on the life of W. G. Allen, payable to his administrator, and that she accepted from the insurance company, in full settlement of the policy, $1,000 upon the agreement that it would be applied, not for the benefit of the estate of W. G. Allen, but for the individual benefit of herself and her child; that she converted this sum to her own use, and the conversion was a breach of the bond, whereby the sureties became liable for the payment of that amount, with interest; that afterwards she brought an action against the insurance company for the amount of the policy, and she procured from the ordinary an order authorizing a settlement of that suit on the payment of an additional $1,000 to her by the insurance company; that by reason of her negligent failure to collect the full amount of the policy, the estate of which she was administratrix lost $3,000, the difference between the amounts received by her and the amount of the policy, and the sureties became indebted to the estate in this sum of $3,000. This suit was for the amount of the plaintiff's judgment against the administratrix.

The verdict on the trial now under review was in favor of the defendants; and, on the plaintiff's motion for a new trial, the trial judge granted a new trial as to Mary P. Allen, but refused the motion as to the sureties. The plaintiff excepted to the refusal of a new trial as to the sureties.

*Hal Lawson,* for plaintiff.

*J. T. Hill, J. L. Bankston,* for defendants.

RUSSELL, C. J. The Southern Life Insurance Company issued a policy of insurance on the life of Dr. W. G. Allen, payable to his estate, and he executed certain notes payable to the company for the premiums. When the first note fell due he wrote a letter to the company, or its authorized agent, stating his inability to pay the notes and asking that they be returned to him. He died with-

out paying the notes. Very shortly before or after his death certain friends of his tendered payment, which was refused. He had been employed by the insurance company as an examining physician, and also aided in soliciting insurance business. A few months after his death, and after his wife, who had qualified as administratrix of his estate, had forwarded proofs of death, an agent of the company visited her and asserted that the policy was void, and declined to pay it, but stated that in view of Dr. Allen's services to the company, the company was willing to give her a thousand dollars, to be used solely for the benefit of herself and of her infant daughter. According to her testimony, she signed the receipt in blank on the policy, and accepted the thousand dollars as a gift. There was introduced in evidence, however, a receipt stipulating that one of the considerations of the payment was the release of the company from all further liability upon the policy, which was for five thousand dollars. It also appeared from the writings that the company disclaimed any legal liability, and that the thousand dollars was paid to Mrs. Allen for the use of herself and of her infant daughter in consideration of services of her deceased husband. The thousand-dollar check which was delivered to Mrs. Allen by McQueen, the agent of the company, was deposited to the credit of Mrs. Allen's individual account with the Pitts Banking Company. The Pitts Banking Company and L. O. Benton were the sureties upon Mrs. Allen's bond as administratrix. Shortly after the deposit of the thousand dollars, the Pitts Banking Company (having been notified by A. W. Allen, the plaintiff in this suit—plaintiff in error here—that the banking company would be held liable as one of the sureties upon Mrs. Allen's bond for the thousand dollars which had been paid to her by the insurance company) made a contract with her, by the terms of which it was agreed that the thousand dollars thus deposited should not be withdrawn from the bank until the sureties upon her bond were relieved. The deposit of the check was made on July 16, 1907. In 1909 the administration of the estate was removed, in compliance with the provisions of section 4096 of the Civil Code, from the court of ordinary of Appling county, where the letters originally issued, to the court of ordinary of Wilcox county, and a new bond, with different sureties, was given. Thereafter the thousand dollars was turned over to Mrs. Allen. The present action is on the orig-

inal bond. Mrs. Allen insisted all the time and on the trial that the thousand dollars was a donation to herself and her daughter individually; and it appears that after the alleged gift, acting upon the advice of counsel, she brought an action as administratrix, upon the policy of life insurance, which action, after being transferred to the United States court, was compromised, with the consent of the ordinary and of counsel for the present plaintiff, for the sum of one thousand dollars, which she accounted for as administratrix. There is conflict as to whether the thousand dollars paid to her was a gift, and the question naturally arises whether, even if it were a gift and even if the policy, by its terms, were void, the administratrix can be permitted, after having collected funds by means of the possession of the policy, to hold the funds otherwise than for the benefit of the estate of which she is the representative. But waiving all these questions, it seems clear to us that the court did not err in overruling the motion for a new trial as to the sureties, for the simple reason that the sureties, under the uncontradicted evidence, were relieved by reason of the fact that one of them held the fund of one thousand dollars for the administratrix, who could not confiscate it, even if she had desired to do so, until the sureties upon the bond had been discharged by the removal of the administration to Wilcox county and the giving of a new valid bond. Civil Code, § 4100. There is no dispute whatever that the thousand dollars, by agreement between the administratrix and the Pitts Banking Company remained untouched for nearly two years, and was never paid out until after the Pitts Banking Company and Benton had by law been relieved as sureties.

The court granted a new trial as to the administratrix, but refused a new trial as to the sureties on the original bond. We think this was a correct judgment.　　　*Judgment affirmed.*